# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARQUETH WILSON, | ) Case No.: 1:18-cv-1245- LJO - JLT |
| Plaintiff, | ) ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS |
| v. | ) |
| BEHR PAINT, et al. | ) ORDER DISMISSING THE COMPLAINT WITH LEAVE TO AMEND |
| Defendants. | ) |

Marqueth Wilson seeks to proceed with an action against Behr Paint and Masco Corporation, asserting the defendants mislabeled paint cans purchased by Plaintiff, and are liable for violations of Texas law. Pending before the Court are the complaint and a request to proceed *in forma pauperis*. (Docs. 1, 2) For the reasons set forth below, his application to proceed *in forma pauperis* is **GRANTED**. However, Plaintiff fails to allege facts supporting a conclusion that the amount in controversy exceeds $75,000 and that this Court has diversity jurisdiction. Therefore, the Plaintiff's complaint is **DISMISSED** with leave to amend.

**I.     Motion to Proceed In Forma Pauperis**

The Court may authorize the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such person . . . possesses [and] that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). The Court reviewed the financial status affidavit (Doc. 2), and finds the requirements of 28 U.S.C. § 1915(a) are

1

satisfied. Therefore, Plaintiff's request to proceed *in forma pauperis* is **GRANTED**.

## II. Screening Requirement

When an individual seeks to proceed *in forma pauperis*, the Court is required to review the complaint and shall dismiss a complaint, or portion of the complaint, if it is "frivolous, malicious or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2). A plaintiff's claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

## III. Pleading Requirements

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A complaint must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

A complaint must state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of a complaint is to give the defendant fair notice of the claims against him, and the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The

> plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted). If factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; conclusions in the pleading are not entitled to the same assumption of truth. *Id.*

## IV. Factual Allegations

Plaintiff asserts that in October 2016, he owned a business called "Walls by Wilson." (Doc. 1 at 2) He purchased "at least twelve (12) gallons of white, untinted paint in two five-gallon containers and two gallon containers along with other paint-related material" at a Home Depot store in Balch Springs, Texas. (*Id.*) According to Plaintiff, he "indicated that he desired to purchase interior semi-gloss paint." (*Id.*) However, after Plaintiff "spray[ed] more than ten gallons of paint in the interior portion of a residential property," he discovered "as the paint dried…that the paint did not have any sheen whatsoever." (*Id.*) (emphasis omitted). He reports that he examined the paint and containers, and found "the material was indeed flat paint and the label purported Behr's material to be interior semi-gloss paint." (*Id.*)

He reports upon discovering the paint was flat, he "immediately telephoned The Home Depot and The Home Depot instructed Plaintiff to bring the paint back to the store so that it could be inspected." (Doc. 1 at 2) He then "explained that he had sprayed over ten gallons in the home in which he was contracted with to paint, and The Home Depot instructed Plaintiff to bring back whatever paint he had remaining with the lids of the containers." (*Id.*) Plaintiff asserts he "complied with Home Depot's instructions," and employees who examined the remaining paint "conclusively determined that the paint in the five-gallon containers was indeed flat paint in a mislabeled container." (*Id.*)

According to Plaintiff, the Home Depot employees informed him "that the product[s] of Behr Paint were the sole responsibility of Behr Paint/Masco Corporation." (Doc. 1 at 2) In addition, he was informed that "Home Depot would contact Behr to see what steps they were willing to take to rectify the situation." (*Id.*) Plaintiff reports that he was also "advised that Behr Paint would likely schedule a date in about 'two weeks' to view the residential property." (*Id.* at 3) Plaintiff informed the Home

Depot employees that he and Walls by Wilson [were] solely responsible for labor and materials and that he would have to lose additional time repainting the residential property." (*Id.* at 2) He also informed them that "he was bound to a deadline and was consistently losing money as a direct result of Behr's product." (*Id.*)

He reports Behr Paint and Masco Corporation did not "contact[] Plaintiff to rectify this matter." (Doc. 1 at 3) Plaintiff asserts he made an offer to Behr Paint to resolve it under the Texas Deceptive Trade Practices- Consumer Protection Act, but the company "did not, nor has not responded." (*Id.*)

**V.     Discussion and Analysis**

   **A.     Jurisdiction**

Plaintiff raises only claims arising under the state law of Texas, and does not invoke this Court's subject matter jurisdiction. (*See* Doc. 1 at 2-4) He asserts, "The United States District Court has original jurisdiction over this action based on a complete diversity amongst and between the parties in that Marqueth Wilson and Behr Paint and Masco Corporation." (Doc. 1 at 1) For the Court to have diversity jurisdiction, there must be diverse citizenship of all parties, and the amount in controversy must exceed the sum or value of $75,000. 28 U.S.C. § 1332(a); *see also Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987).

      1.     Citizenship

According to Plaintiff, he is "a citizen of the state of Texas," while "Behr Paint and Masco Corporation is a corporation incorporated under the laws of the State of California with its principal place of business in Santa Ana, California or another state outside of Texas." (Doc. 1 at 1) Thus, Plaintiff contends the parties are diverse.

      2.     Amount in controversy

A plaintiff has a burden to plead facts supporting a conclusion that the amount in controversy is satisfied. The Ninth Circuit explained, "[t]he party seeking to invoke the district court's diversity jurisdiction always bears the burden of both pleading and proving diversity jurisdiction." *Rainero v. Archon Corp.*, 844 F.3d 832, 840 (9th Cir. 2016) (quoting *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 613-14 (9th Cir. 2016)); *see also Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) (indicating that if the court's jurisdiction is challenged, the plaintiff has a burden to prove

4

by a preponderance of the evidence that the amount in controversy exceeds $75,000). At the pleading stage, a conclusory allegation that the amount in controversy exceeds $75,000 does not satisfy the plaintiff's burden. *See Rainero*, 844 F.3d at 840.

Plaintiff seeks $50,000 for violations of Texas' Deceptive Trade Practices Act; $20,000 for his product liability claim; $30,000 for negligence; $25,000 in exemplary damages; and "$5,000 for actual damages." (Doc. 1 at 4) Notably, there is no information regarding whether Plaintiff asserts the $5,000 is solely from his purchase of the paint or includes lost profits to his business. Indeed, the Court is hard-pressed to believe the cost of the 10 gallons of paint used exceeded $500.

In addition, there are no facts supporting the damage amounts identified by Plaintiff. For example, though Plaintiff seeks $50,000 under the Deceptive Trade Practices Act ("DTPA"), he fails to allege facts that support a conclusion an award of this amount is possible under the DTPA. The DTPA indicates that a plaintiff may recover actual economic damages and treble damages where the defendant acted knowingly. *See* Tex. Bus. & Com. Code §17.50. Thus, based on the actual damages amount of $5,000.00 identified by Plaintiff, he could recover at most $15,000 for the alleged violation of the DTPA. *See id.* Likewise, there are no factual allegations that Behr acted in such a way as to justify exemplary damages[1] or that his negligence cause of action would give rise to more damages than the claimed actual damages.

Plaintiff's failure to support the requested damages raises the inference that the Court's diversity jurisdiction is not implicated. Accordingly, Plaintiff will be given leave to file an amended complaint that includes facts supporting the damage requests and addressing the matter of this Court's jurisdiction.

**B.    Venue**

The Ninth Circuit determined that a court may raise the issue of improper venue *sua sponte*. *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986) ("the district court had the authority to raise the issue of defective venue on its own motion" where there has not been a responsive pleading). Based upon the facts alleged, it appears that venue is improper.

---

[1] The mere fact that Behr did not accept the plaintiff's settlement offer, is insufficient.

When the Court's diversity jurisdiction is invoked, the proper venue is in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(a). In a diversity action, venue is proper in any district where the defendant resides or the incident giving rise to the claims occurred.

In the complaint, Plaintiff asserts he purchased the paint in Texas and the headquarters for the defendant is in Santa Ana, which lies within the Central District of California. Plaintiff also alleges Behr Paint has an address located at 510 14th Street, Suite 200, Bakersfield, California. However, this is not a proper address for the entity[2] and Bakersfield, California is not within the Central District of California. Thus, it does not appear this Court is the proper venue for his claims under 28 U.S.C. § 1391. In the amended complaint, Plaintiff SHALL address the matter of venue, and whether his claims should be dismissed or transferred to either the Central District of California or Northern District of Texas.

## VI.  Conclusion and Order

Plaintiff fails to allege facts supporting a conclusion that this Court has diversity jurisdiction, or that the Eastern District of California is the proper venue for his claims. Given the lack of information, the Court will grant Plaintiff leave to amend to address the Court's jurisdiction and venue. *See Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987); *see also Lopez*, 203 F.3d at 1128 (dismissal of a *pro se* complaint without leave to amend for failure to state a claim is proper only where it is obvious that an opportunity to amend would be futile). The amended complaint must bear the docket number assigned this case and must be entitled "First Amended Complaint."

---

[2] Fed. R. Evid. 201 permits a court to take judicial notice of any facts that "is generally known within the trial court's territorial jurisdiction" or that "can accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Accordingly, the court takes judicial notice of the fact that the address identified by Plaintiff in Bakersfield, California is not an office for Behr Paint.

Plaintiff is advised that an amended complaint supersedes the original complaint. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). In addition, the amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Finally, Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986) (citing *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).

Based upon the foregoing, the Court **ORDERS**:

1. Plaintiff's request to proceed *in forma pauperis* (Doc. 2) is **GRANTED**;
2. Plaintiff's Complaint is **DISMISSED** with leave to amend; and
3. Within thirty days from the date of service of this order, Plaintiff **SHALL** file a First Amended Complaint.

**<u>If Plaintiff fails to comply with this order to file a First Amended Complaint, the action may be dismissed for failure to prosecute and failure to obey the Court's order</u>**.

IT IS SO ORDERED.

Dated: __October 22, 2018__          _____/s/ Jennifer L. Thurston_____
                                                             UNITED STATES MAGISTRATE JUDGE