# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARQUETH WILSON,<br><br>   Petitioner,<br><br> vs.<br><br>BEHR PAINT, et al.,<br><br>   Respondent. | ) 1:18-cv-01245-LJO-JLT<br>)<br>) ORDER TRANSFERRING CASE TO THE UNITED<br>) STATES DISTRICT COURT FOR THE<br>) NORTHERN DISTRICT OF TEXAS<br>)<br>)<br>)<br>) |

   Petitioner, a resident of Texas who is currently incarcerated in the state of Texas, seeks to proceed with an action against Behr Paint and Masco Corporation, asserting the defendants mislabeled paint cans purchased by Plaintiff and are liable for violations of Texas law. In reviewing the allegations of Plaintiff's complaint, the Court questioned whether the venue was proper because the defendants were not located at the address identified in Bakersfield, California. (*See* Doc. 3 at 5) Therefore, the Court directed Plaintiff to address the venue in his amended complaint. (*Id.* at 6)

   On November 19, 2018, Plaintiff filed an amended complaint in which he asserted that "under 28 USC 1931, venue should be transferred to, at the Court's discretion, the Central District of California or the Northern District of Texas." (Doc. 6 at 3) When the Court's diversity jurisdiction is invoked, the proper venue is in:

   (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(a). Thus, in a diversity action, venue is proper in any district where the defendant resides or the incident giving rise to the claims occurred.

The defendants are not located in the Eastern District of California. Rather, Plaintiff asserts the headquarters for the defendant is in Santa Ana, which lies within the Central District of California. (Doc. 6 at 43) In addition, Plaintiff alleges that he purchased the paint giving rise to the underlying complaint at a Home Depot in Balch Springs, Texas (*id.*), which is in Dallas County and within the boundaries of the Northern District of Texas. Thus, the Eastern District of California is not the proper venue for the claims presented, and the action should be transferred to a proper venue. *See See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought").

Because all events giving rise to Plaintiff's claims occurred in Texas, and Plaintiff seeks to hold the defendants liable under Texas law, the Court finds a transfer to the Northern District of Texas is appropriate and in the interest of justice. Accordingly, the Court **ORDERS** that this matter is transferred to the United States District Court for the Northern District of Texas.

IT IS SO ORDERED.

Dated: **November 26, 2018**     **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE